**QING YAN CHEN, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 05–6827–ag.**

United States Court of Appeals,
Second Circuit.

July 16, 2007.

Robert J. Adinolfi, Louis & Adinolfi,
LLC, New York, NY, for Petitioner.

Matthew G. Whitaker, United States At-
torney, Gary L. Hayward, Assistant Unit-
ed States Attorney, Des Moines, IA, for
Respondent.

PRESENT: Hon. JOSEPH M.
McLAUGHLIN, Hon. JOSÉ A.
CABRANES, and Hon. REENA RAGGI,
Circuit Judges.

## SUMMARY ORDER

Qing Yan Chen, a native and citizen of the People's Republic of China, seeks review of a December 5, 2005, order of the BIA affirming the July 28, 2004, decision of Immigration Judge ("IJ") Paul A. De-Fonzo, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Yan Chen,* No. A79 424 561 (B.I.A. Dec. 5, 2005), *aff'g* No. A79 424 561 (Immig. Ct. N.Y. City Jul. 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, Chen has failed to raise her claim for relief under the CAT in her brief to this Court. Because issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal, we deem her CAT claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005). Likewise, we decline to address Chen's argument that she received ineffective assistance of counsel, as she failed to raise that claim before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007); *see also Arango–Aradondo v. I.N.S.,* 13 F.3d 610, 614 (2d Cir.1994).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

The agency's finding that Chen was not credible is supported by substantial evidence because it properly relied on inconsistencies between Chen's testimony and the statements she made at her airport and credible fear interviews. Where a discrepancy arises between an applicant's testimony and her statement at an administrative interview, we closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). However, we are not concerned about the reliability of the airport and credible fear statements here, as the records of those interviews are verbatim accounts of the exchanges between Chen and the interviewing officers, and they were conducted through interpreters. Furthermore, the questions that were asked of Chen were designed to elicit her asylum claim, and there is no indication that she was reluctant to provide information to the interviewing officers. Thus, the agency's reliance on these statements was proper.

The BIA and IJ properly found the following discrepancies: (1) Chen testified that she was threatened with sterilization if she became pregnant again, but she stated at her airport interview that the government actively wanted to arrest and sterilize her; and (2) Chen testified that she was forced to submit to an abortion, but her airport interview omits any such claim, asserting only that she left China "[b]ecause the government wants to arrest me. They wanted me to undergo sterilization."

In addition, the BIA and IJ found that Chen inconsistently testified about the fate

of her priest. Chen initially asserted that she did not know what happened to him, but when faced with a letter that she submitted that was purportedly written by him, she explained that after the priest was arrested, he was released, but she could not recall it clearly. The IJ was not required to credit that explanation because a reasonable factfinder would not have been compelled to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Chen's failure to raise her forced abortion at her airport interview was a substantial omission that goes to the heart of her past persecution claim, the gravamen of which rests on that abortion. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir. 2005); *Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 308–09 (2d Cir.2003). Furthermore, the IJ and the BIA properly relied on the cumulative effect of the other inconsistencies they identified to support the adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).